# SETTLEMENT AGREEMENT
# AND RELEASE

Jerzon Perez-Barrios and Luz Monterroso-Perez ("Employees" or "Plaintiffs") and JS Maid Cleaning Services, LLC (the "Company") and Edevaldo Lamacchia, Jr. ("Lamacchia," and together with the Company, "Defendants"). Plaintiffs and Defendants, referred to herein collectively as the "Parties" have reached this Settlement Agreement and Release (the "Agreement") under the terms and conditions set forth herein.

## W I T N E S E T H

**WHEREAS**, Employees filed a lawsuit against Defendants in the United States District Court for the Northern District of Georgia, case no. 2:19-cv-00049-RWS ("Litigation"), alleging Defendants failed to pay overtime wages as required by 29 U.S.C. Section 201 et seq. (the "FLSA");

**WHEREAS**, the Parties desire to settle fully and finally any and all differences or claims between them, including, but not limited to, those raised or which could have been raised in the Litigation;

**NOW THEREFORE**, for and in consideration of the terms set forth herein and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties hereby covenant and agree as follows:

(1) **Settlement Payment.** Following execution of this Agreement, Defendants shall pay the gross amount of $5,000.00 (the "Settlement Payment") to Plaintiffs in readily available funds, with each Plaintiff to receive the following:

   a) **Jerzon Perez-Barrios -** $4,065.00 in back wages.

   b) **Luz Monterroso-Perez -** $935.00 in back wages.

(2) **Attorneys' Fees and Costs.** For the purposes of this Agreement, the Parties agree that Plaintiffs are considered "prevailing parties" pursuant to 29 U.S.C. § 216(b). The amount of attorneys' fees to be awarded, if any, shall be determined by the Court following the submission of briefs and a hearing, if the Court elects to conduct such a hearing. Within fourteen (14) days of Court approval of this Settlement Agreement, Plaintiffs' counsel will move the Court for an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b). Defendants shall respond within fourteen (14) days and shall request an evidentiary hearing as to the reasonableness of such fees to be awarded, if any. A hearing shall be set thereafter at the Court's convenience if the Court elects to conduct such a hearing.

(3) **Timing of Payments.** The $5,000 Settlement Payment to Plaintiffs will be made within 10 days of the Court's approval of the Agreement. Any attorney fees and costs awarded to Plaintiffs' counsel by the Court shall be paid in monthly installments, with the first such payment due 30 days after the Court's award, and any subsequent payments to be made at 30-day increments

1

thereafter. Defendants shall pay such installments at no less than $5,000.00 per month until the final installment, which shall be paid as to the remaining balance due.

  (4)  **Obligation for Payment of Taxes.** The Company makes no representation and provides no guaranty or assurance regarding the tax consequences to Employees or their counsel for payment of the Settlement Payment or the Fees, and Employee shall be responsible for all taxes that may be due to any governmental authority as a result of the Settlement Payment and Employee's counsel shall be responsible for all taxes that may be due as a result of the Fees. The $5,000 paid to Plaintiffs shall be reflected on IRS Forms 1099-MISC for 2021 for each Plaintiff in the amount reflected in Paragraph 1(a) and (b) of this Agreement.

  (5)  **Release of Defendants.** On behalf of themselves, and their agents, representatives and attorneys, Employees affirmatively state that they know of no other claims that they have or might have against the Company or Lamacchia and release and forever discharge Defendants and their affiliated business entities and associations, predecessors, successors, assigns, trustees, insurers, guarantors and all directors, officers, employees, agents, attorneys and other representatives of any of the foregoing (the "Released Parties") from all actual and potential claims, complaints, demands, causes of action, damages, costs, expenses, fees, and other liabilities of every sort and description, direct or indirect, fixed or contingent, known or unknown, suspected or unsuspected, and whether or not liquidated, including, without limitation, claims based upon preexisting acts occurring at any time up to the date of this Agreement, even those which may result in future damages or injury arising out of, caused by, or otherwise related in any way to, the violation of any federal, state, or local law, common or statutory, including, but not limited to, the following:

  a)  42 U.S.C. §1981;
  b)  The Americans with Disabilities Act as Amended;
  c)  Title VII, Civil Rights Act of 1964 as Amended;
  d)  The Civil Rights Act of 1991;
  e)  The Age Discrimination in Employment Act, including the Older Workers Benefit Protections Act;
  f)  The Immigration Reform and Control Act;
  g)  The Equal Pay Act;
  h)  The Veterans' Reemployment Rights;
  i)  Section 11(c), Occupational Safety and Health Act;
  j)  The Health Insurance Privacy and Portability Act;
  k)  The Fair Labor Standards Act; and
  l)  Any other federal, state, or local law, common or statutory.

  The only exception to this release and discharge shall be for those claims which may not be released and waived as a matter of law. Employees specifically waive any right to become, and promises not to become, a member of any class or other group in a case in which a claim against

the Company or Lamacchia, whether known or unknown, fixed or contingent is or could be made against the Company or Lamacchia.

(6) **Release of Employee.** The Company, on behalf of itself and any and all persons who may act for or on its behalf, and Lamacchia release and forever discharge each Employee from all actual and potential claims, complaints, demands, causes of action, damages, costs, expenses, fees, and other liabilities of every sort and description, direct or indirect, fixed or contingent, known or unknown, suspected or unsuspected, and whether or not liquidated, including, without limitation, claims based upon preexisting acts occurring at any time up to the date of this Agreement, which may result in future damages or injury arising out of, caused by, or otherwise related in any way to, the violation of any federal, state, or local law, common or statutory.

(7) **Covenant Not to Sue.** Each Employee further covenants not to sue any of the Released Parties, and the Company and Lamacchia further covenant not to sue any Employee, for any claims arising under any federal, state, or local law, common or statutory, for any action or omission whatsoever, whether known or unknown, suspected, or unsuspected, which existed or may have existed prior to, or contemporaneously with, the execution of this Agreement. This Covenant Not to Sue applies to any and all claims including, but not limited to, those claims identified in Section 4 and Section 5 above.

(8) **No Admission of Liability.** The Company and Lamacchia do not concede or admit that they have violated any law, statute, ordinance, or contract, failed as to any duty or obligation whatsoever, or engaged in any kind of wrongful conduct. Instead, the Company and Lamacchia specifically deny that they have done so, and they enter into this Agreement solely in the interest of avoiding additional costs, which would or could result absent this Agreement.

(9) **Acknowledgements and Representations.** Each Employee acknowledges, affirms, and warrants that:

a) Other than the Litigation, each Employee has not filed or caused to be filed and she/he is not presently a party to, any charge, complaint, or action against the Company or any of the Released Parties in any forum;

b) Upon payment of the Settlement Payment, each Employee will have been paid and/or received all compensation and benefits to which she/he may be entitled including, but not limited to wages, bonuses, liquidated damages, and attorneys' fees and that no other compensation, including, but not limited to wages, bonuses, liquidated damages, attorneys' fees, or other benefits are due to him/her except as may be expressly set forth herein;

c) She/He has no known workplace injuries or occupational diseases except for those which have already been reported and for which Employee has already made a claim;

      d)      She/He has been provided all leave (paid or unpaid) including, but not limited to, leave under the Family and Medical Leave Act, and other benefits to which he or she is or may be entitled;

      e)      She/He has not and will not attempt to assign any claim being released under this Agreement; and

      f)      She/He has not and will not disparage Company or its employees, managers, representatives, subsidiaries, affiliates, services, products, officers, directors, or agents.

(10) **Government Agencies.** The Parties acknowledge and agree that no federal, state, or local government agency is a party to this Agreement, and that this Agreement does not restrict or in any way affect any government agency's authority to investigate or seek relief in connection with any of the claims released and discharged and upon which Employee has covenanted not to sue. The Parties further agree, however, that if a government agency were to pursue any such claim, the Agreement shall control as the exclusive remedy and full settlement of all claims between Employees and Company and Lamacchia.

(11) **Dismissal of Litigation.** It is jointly understood that after the Court approves the Settlement Agreement, Plaintiffs intend to move the Court for an award of attorney's fees and costs under 29 U.S.C. § 216(b). The Parties agree that within seven days of the Court ruling on Plaintiffs' application for attorney's fees and costs, the Parties will jointly move to dismiss this action, with prejudice.

(12) **Dispute Resolution**. Other than as set forth in Section 11, above, all disputes arising under or related to the Agreement shall be submitted to Magistrate Judge Russell G. Vineyard for binding arbitration, who shall be permitted to decide all issues, including, but not limited to, arbitrability. This paragraph is not to be construed as allowing for arbitration of any disputes with any arbitration association, or any person other than Judge Russell G. Vineyard.

(13) **Notices.** Any notice due to the Employees shall be sent to them at The Law Offices of Brandon A. Thomas, P.C., 1 Glenlake Parkway, Atlanta, GA 30328. Any notice due to the Company and/or Lamacchia shall be sent to counsel Robert S. Huestis, Blasingame, Burch, Garrard & Ashley, PC, P.O. Box 832, Athens, Georgia 30603 and via email to Robert S. Huestis, Esq., rhuestis@bbga.com.

(14) **Severability.** Each of the provisions above are independent and shall be severable from the other provisions if any provision, for any reason, is held to be illegal, invalid, or unenforceable. The invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions or application and to this end, the provisions of this Agreement are declared to be severable

(15) **Applicable Law.** This Agreement shall be construed under the laws of the State of Georgia regardless of any conflict of laws principles.

(16) **Entire Agreement.** This Agreement constitutes the entire agreement between the Plaintiffs and Defendants with respect to the subject matter covered herein.

(17) **Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

(18) **Electronic Signatures.** The Parties jointly agree that electronic signatures of the Agreement will be acceptable just as though it were an original signature. See <u>Sellers v. Sage Software, Inc.</u>, WL 5631106, 4-5 (N.D. Ga. 2018) (allowing electronic signatures upon the Parties' mutual consent); <u>Consumer Financial Protection Bureau v. Universal Debt & Payment, Solutions, LLC</u>, WL 1295004 (N.D. Ga. 2019) (electronic signatures accepted for sworn declarations under perjury); <u>See also</u> 15 U.S.C. Section 7001(a) (a signature cannot be denied legal effect solely because it is in electronic form).

(19) **Effect of Non-approval.** The Parties agree that if the Court does not approve the Agreement, it shall be amended as ordered by the Court, but the Agreement will not be changed in any other way, as it is already agreed to and binding.

(20) **Retention of Jurisdiction**. The Court shall retain jurisdiction of this matter for the purpose of rendering a decision on attorney fees and costs pursuant to 29 U.S.C. § 216(b) and enforcing compliance with the payments required by this agreement.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

## AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| **JERZON PEREZ-BARRIOS** | **JS MAID CLEANING SERVICES, LLC** |
| Signature: _[signed]_ | Signature: _____ |
| Date: 8/20/2021 | By: Edevaldo Lamacchia, Jr. |
| | Title: _____ |
| | Date: _____ |
| **LUZ MONTERROSO-PEREZ** | |
| Signature: _[signed]_ | |
| Date: 8/20/2021 | **EDEVALDO LAMACCHIA, JR.** |
| | Signature: _____ |
| **BRANDON THOMAS, PLAINTIFFS' COUNSEL** | Date: _____ |
| Signature: _[signed]_ | |
| Date: 8/20/2021 | **ROBERT HUESTIS, DEFENDANTS' COUNSEL** |
| | Signature: _____ |
| **MITCHELL BENJAMIN, PLAINTIFFS' COUNSEL** | Date: _____ |
| Signature: _____ | |
| Date: _____ | |

**AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND**

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| **JERZON PEREZ-BARRIOS** | **JS MAID CLEANING SERVICES, LLC** |
| Signature: _____ | Signature: _____ |
| Date: _____ | By: Edevaldo Lamacchia, Jr. |
|  | Title: _____ |
| **LUZ MONTERROSO-PEREZ** | Date: _____ |
| Signature: _____ |  |
| Date: _____ | **EDEVALDO LAMACCHIA, JR.** |
| **BRANDON THOMAS, PLAINTIFFS' COUNSEL** | Signature: _____ |
| Signature: _____ | Date: _____ |
| Date: _____ | **ROBERT HUESTIS, DEFENDANTS' COUNSEL** |
| **MITCHELL BENJAMIN, PLAINTIFFS' COUNSEL** | Signature: *[signed]* |
| Signature: *[signed]* | Date: 08.20.2021 |
| Date: 8/20/2021 |  |

**AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND**

| PLAINTIFFS | DEFENDANTS |
|---|---|
| **JERZON PEREZ-BARRIOS** | **JS MAID CLEANING SERVICES, LLC** |
| Signature: _____ | Signature: _____ |
| Date: _____ | By: Edevaldo Lamacchia, Jr. |
| | Title: Owner - CEO |
| **LUZ MONTERROSO-PEREZ** | Date: 08/20/2021 |
| Signature: _____ | |
| Date: _____ | **EDEVALDO LAMACCHIA, JR.** |
| **BRANDON THOMAS, PLAINTIFFS' COUNSEL** | Signature: _____ |
| Signature: _____ | Date: 08/20/2021 |
| Date: _____ | **ROBERT HUESTIS, DEFENDANTS' COUNSEL** |
| **MITCHELL BENJAMIN, PLAINTIFFS' COUNSEL** | Signature: _____ |
| | Date: _____ |
| Signature: _____ | |
| Date: _____ | |

6